IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THE AMERICAN INSURANCE COMPANY | § § § | |
| v. | § § | CIVIL ACTION NO. 19-cv-2095 |
| LC LIQUIDATIONS CORPORATION, INC. F/K/A LECTRUS CORPORATION, INC. and AXA CORPORATE SOLUTIONS NIEDERLASSUNG DEUTSCHLAND | § § § § | JURY DEMANDED |

PLAINTIFF'S ORIGINAL COMPLAINT
AND REQUEST FOR DECLARATORY JUDGMENT

Plaintiff The American Insurance Company files its Original Complaint and Request for Declaratory Judgment against Defendants LC Liquidations Corporation, Inc. F/K/A Lectrus Corporation, Inc. and AXA Corporate Solutions Niederlassung Deutschland, and would respectfully show the Court as follows:

I. NATURE OF THE ACTION

1.1    American brings this claim for declaratory judgment to declare the legal relations and rights of the parties under a contract of excess liability insurance, under Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201, 2202.

1.2    American seeks a declaratory judgment that it owes no duty to **indemnify** its insured, Lectrus Corporation, for amounts Lectrus may become legally obligated to pay AXA in an underlying lawsuit currently pending by AXA against Lectrus which is styled, Cause No. 4:15-CV-3606; *AXA Corporate Solutions Niederlassung Deutschland v. Lectrus Corporation*, In the United States District Court for the Southern District of Texas, Houston Division[1] ("the

---

[1] *See generally* **Exhibit A.**

1

Underlying Suit") under the terms of an excess/umbrella liability insurance policy American issued to Lectrus.

1.3     American also seeks a declaratory judgment that the excess/umbrella policy does not obligate it to **defend** Lectrus in the Underlying Suit unless and until the underlying insurance is exhausted by payment of judgments or settlements.

## II.  THE PARTIES

2.1     Plaintiff The American Insurance Company is a corporation organized under the laws of the State of Ohio with its principal place of business in Illinois.  American is an insurance company that regularly does business in Texas.

2.2     Defendant LC Liquidations Corporation, Inc. F/K/A Lectrus Corporation, Inc. ("Lectrus") is a corporation organized under the laws of the state of Tennessee with its principal place of business in Tennessee, which also maintains offices and conducts operations in Texas. Lectrus is currently in bankruptcy and is amenable to service of process in Texas by serving its registered agent, C.T. Corporation, 1999 Bryan Street, Suite 99, Dallas, Texas 75201. Plaintiff has asked its counsel in the Underlying Suit to accept service.

2.3     Defendant AXA Corporate Solutions Niederlassung Deutschland is a foreign insurance company organized under the laws of Germany with its principal place of business at Suderstrasse 24, Hamburg, Hamburg 20097 Germany.  AXA is amenable to service of process under the Hague Convention on Service Abroad of Judicial and Extrajudicial Documents.[2] Plaintiff has asked its counsel in the Underlying Suit to accept service.

## III.  JURISDICTION AND VENUE

3.1     This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), based on the diversity of citizenship of the parties as described above.  The Underlying

---

[2] Nov. 15, 1965 T.I.A.S No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).

Suit alleges total damages exceeding $7 million[3] and therefore facially establishes that the amount in controversy exceeds $75,000, exclusive of interests and costs.

3.2     This Court has general personal jurisdiction over Defendants because Defendants regularly conduct business in the state of Texas. At a minimum, the Court has specific personal jurisdiction over AXA because AXA voluntarily availed itself of the federal courts in Texas to pursue its claim against Lectrus in the Underlying Suit and is currently litigating against Lectrus in Texas.

3.3     Venue is proper in this District under 28.U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Harris County, Texas, which is part of this District.  Specifically, the Underlying Suit against Lectrus, for which Lectrus seeks coverage under the Policy, is pending in the Houston Division of the Southern District of Texas.

## IV.  BACKGROUND FACTS

**A.     The Policies**

4.1     This declaratory judgment action arises from an excess/umbrella liability insurance policy issued by American to Lectrus Corporation, and a suit by AXA against Lectrus for which Lectrus Corporation sought coverage from American. American issued excess/umbrella liability policy No. SUO-000-2408-4634 to Lectrus Corporation, effective from 6/30/11 to 6/30/12 ("the Policy").[4] The Policy was issued and delivered to Lectrus Corporation in Tennessee, and state-specific endorsements attached to the Policy show the parties intended it to be performed under Tennessee law. American and Lectrus Corporation also expressly agreed in a separate signed document (contemplating this very litigation) that interpretation of the Policy is governed by Tennessee law.

---

[3] *See* **Exhibit A** at ¶ 19, 22.
[4] *See* **Exhibit B**.

4.2     The Policy is excess to either one or two primary insurance policies issued by Travelers ("the Travelers policies"), which each provides $1 million in primary CGL coverage.[5] The two Travelers policies, one domestic and one global, together provide a worldwide coverage territory which includes international waters.

4.3     The Policy follows the form of the underlying insurance, and together they include the following relevant terms:

> **SECTION I. EXCESS LIABILITY – COVERAGE A**
> **A.   COVERAGE A - INSURING AGREEMENT**
>   1. We will pay on behalf of any Insured those sums in excess of Primary Insurance that any Insured becomes legally obligated to pay as damages or a Covered Pollution Cost or Expense provided that such damages and Covered Pollution Cost or Expense:
>      a.   Are covered by Primary Insurance;
>
> * * *
>
> **B.   COVERAGE A - WHEN WE WILL HAVE A DUTY TO DEFEND**
>   1. We will have the right and duty to defend any Insured against any Suit seeking damages or a Covered Pollution Cost or Expense to which Coverage A applies but only:
>      a.   After the applicable limits of insurance of Primary Insurance and Other Insurance cease to apply because of exhaustion by the payment of judgments or settlements, or because of exhaustion by the payment of defense expenses by the terms of that policy; and
>      b.   If no Other Insurance affording a defense or indemnity against such a Suit is available to any Insured.[6]
>
> ---
>
> **SECTION I COVERAGES**
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
> 1. **Insuring Agreement**
>    * * *
>    b.  This insurance applies to "bodily injury" and "property damage" only if:
>        (1) The "bodily injury" or "property damage" is caused by an "occurrence"…

---

[5] *See* **Exhibit C, D**.
[6] *See* **Exhibit B** at AIC 26.

   \* \* \*

2. **Exclusions**

    \* \* \*

    j. **Damage To Property**

        "Property damage" to:

        \* \* \*

        (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

        \* \* \*

    k. **Damage To Your Product**

        "Property damage" to "your product" arising out of it or any part of it.[7]

---

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

21. "Your product":

    a. Means:

        **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

        **(a)** You;

        **(b)** Others trading under your name; or

        **(c)** A person or organization whose business or assets you have acquired; and

        **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

    b. Includes:

        **(1)** Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product"; and

        **(2)** The providing of or failure to provide warnings or instructions.

    c. Does not include vending machines or other property rented to or located for the use of others but not sold.

    \* \* \*

28. "Your work":

    a. Means:

        (1) Work or operations performed by you or on your behalf; and

        (2) Materials, parts or equipment furnished in connection with such work or operations.

    b. Includes

---

[7] *See* **Exhibit C** at AIC 109, 113; **Exhibit D** at AIC 221, 224-25.

> (1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and
> (2) The providing of or failure to provide warnings or instructions.[8]

The exclusions and related definitions cited above are identical across both Travelers policies. By quoting portions of the relevant policies which currently appear to be of particular and immediate interest to this coverage dispute, American does not waive its right to rely on any other provisions of the Policy or the underlying insurance. American has attached the Policy and the Travelers policies in their entirety as mandated by Tennessee law, which requires that a contract be construed as a whole in a reasonable and logical manner.[9]

### B. The Underlying Suit against Lectrus

4.4    The Underlying Suit against Lectrus involves a water damage loss to three $CO_2$ cabins and one domestic gas cabin manufactured by Lectrus and sold to AXA's insured, Siemens Industry, Inc., which occurred during shipping from Houston, Texas to Ulsan, South Korea. Lectrus's scope of work included manufacturing the cabins, pre-installing electronic components provided by Siemens into the cabins, and packing the cabins for shipment by sea from Houston to Ulsan. AXA alleges that upon inspection in Ulsan, it was "discovered that the contents of the cabin were damaged from heavy condensation that developed inside the cabin during the shipment due to insufficient export packing."[10]

4.5    Lectrus tendered the Underlying Suit to Travelers. Travelers, as the primary insurer and the only insurer with a present duty to defend, is defending Lectrus in the Underlying Suit, and the suit was unsuccessfully mediated in July 2017. Although American disputes coverage for the

---

[8] *See* **Exhibit C** at AIC 125, 127; **Exhibit D** at AIC 234-236.
[9] *English v. Virginia Sur. Co.*, 268 S.W.2d 338, 340 (Tenn. 1954); *Standard Fire Ins. Co. v. Chester O'Donley & Associates, Inc.*, 972 S.W.2d 1, 7 (Tenn. Ct. App. 1998).
[10] *See* **Exhibit A** at ¶ 11.

loss under the Policy as discussed herein, American nevertheless participated in the July 2017 mediation and made good faith offers in tandem with Travelers to settle the case, and has at all times been willing to continue reasonable settlement discussions with AXA.

4.6    As quoted above, the Policy is an excess policy which does not obligate American to defend Lectrus until the underlying primary insurance is exhausted by payment of judgments or settlements.  American's putative duty to defend has not been triggered according to the policy terms.  However, on June 3, 2019, Travelers explicitly refused to fund an appeal recommended by Lectrus's defense counsel, and suggested in an email to American's adjuster that American should fund the appeal.   American therefore seeks a declaration it has no right or duty to defend Lectrus at this time because the underlying Travelers policy has not been exhausted by payment of judgments or settlements.

## V.  CAUSE OF ACTION: DECLARATORY JUDGMENT

5.1    For the reasons stated above and herein, American seeks a declaratory judgment under 28 U.S.C. § 2201 that:

a) American has no contractual right or duty under the Policy to defend Lectrus against the Underlying Suit until the Travelers domestic policy is exhausted by payment of judgments or settlements; and

b) American has no contractual duty under the Policy to indemnify Lectrus with regard to any damages Lectrus may become legally obligated to pay as a result of the Underlying Suit.

5.2    **No Right or Duty to Defend.**  As quoted above, the Policy is an excess umbrella policy that gives American neither the right nor the duty to defend the insured **until** the underlying primary insurance is exhausted by payment of judgments or settlements.  It is undisputed that has

not yet occurred, but Travelers nevertheless refused to fully fund the defense of Lectrus in June 2019 and suggested that American participate in funding certain aspects of the defense that were recommended by Lectrus's defense counsel.

5.3 **o Duty to Indemnify: Coverage is barred by Exclusion J.** The evidence developed in the Underlying Suit demonstrates that the property damage that occurred was to the particular part of property that must be restored, repaired or replaced because Lectrus's work was incorrectly performed on it and is therefore excluded. Lectrus manufactured the cabins, and its work included installing the Siemens components and packing the completed cabins and the pre-installed Siemens components for shipping. Lectrus subcontracted the packing and preparation for shipping to Transaction Packing, Inc. The allegedly negligent packing resulted in property damage to the cabins, including the installed Siemens components, which is the basis of the Underlying Suit. Property damage to the cabins, including the Siemens components, caused by the allegedly insufficient packing materials is therefore excluded by Exclusion J.

5.4 **No Duty to Indemnify: Coverage is barred by Exclusion K.** The definition of the insured's "product" expressly includes goods or products sold or handled by the insured, as well as containers, materials, parts, or equipment furnished in connection with such goods or products. This definition includes both the Siemens components which Lectrus pre-installed in the cabins and the packing materials which Lectrus provided for shipment. Property damage to the cabins, including the Siemens components, caused by the allegedly insufficient packing materials is therefore excluded by Exclusion K.

5.5 All the damages sought by AXA in the Underlying Suit are barred by at least one of the above discussed policy terms. There is no covered aspect of the claim against Lectrus.

5.6 American is *not* seeking to recover its attorney fees incurred in conjunction with this coverage action because Fifth Circuit precedent does not support awards of attorney fees under the Federal Declaratory Judgment Act.[11] Nor may a defendant in a declaratory judgment proceeding manufacture a claim under either the Federal Declaratory Judgment Act or the Texas Declaratory Judgment Act by recasting its affirmative defenses as a claim for declaratory relief which is a mirror image of the Plaintiff's existing claim for declaratory relief.[12]

## VI. PRAYER

6.1 FOR THESE REASONS, Plaintiff The American Insurance Company requests that, after a trial on the merits, it recover the following:

   a. declaratory judgment under 28 U.S.C. § 2201 that:
      (1) American has no contractual right or duty under the Policy to defend Lectrus against the Underlying Suit until the Travelers domestic policy is exhausted by payment of judgments or settlements; and
      (2) American has no contractual duty under the Policy to indemnify Lectrus with regard to any damages Lectrus may become legally obligated to pay as a result of the Underlying Suit; and
   b. all other relief to which it may be justly entitled.

---

[11] *See AG Acceptance Corp. v. Veigel*, 564 F.3d 695 (5th Cir. 2009) (*citing Utica Lloyd's of Texas v. Mitchell*, 138 F.3d 208 (5th Cir. 1998)).

[12] *See, e.g., Sanijet Corp. v. Lexor Intern., Inc.*, CIV.A.3:06CV1258-B, 2008 WL 2201451, at *2 (N.D. Tex. May 15, 2008) (*citing Pan-Islamic Corp. v. Exxon Corp.*, 632 F.2d 539, 546 (5th Cir. 1980) (holding declaratory judgment counterclaims futile because they duplicated the issues already raised by existing claims).

        Respectfully submitted,

        **MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**

By:   */s/ Christopher W. Martin*
        Christopher W. Martin
        Texas Bar No. 13057620
        Federal I.D. No. 13515
        martin@mdjwlaw.com
        808 Travis, 20th Floor
        Houston, Texas 77002
        Telephone: (713) 632-1700
        Facsimile: (713) 222-0101

        ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

**MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.**
808 Travis Street, 20th Floor
Houston, Texas 77002
Telephone: (713) 632-1700
Facsimile: (713) 222-0101

Barrie J. Beer
Texas Bar No. 02040750
Federal I.D. No 14677
beer@mdjwlaw.com

Amber R. Dunten
Texas Bar No. 24010004
Federal I.D. No. 31660
dunten@mdjwlaw.com